OPINION
Devon Williams, a minor child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which found him delinquent because of possession of cocaine in violation of R.C. 2925.11. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHERE IT WAS NOT PROVEN BEYOND A REASONABLE DOUBT THAT APPELLANT HAD POSSESSION OF A CONTROLLED SUBSTANCE.
At trial, the State presented the evidence of Officer Michael Swihart, who testified he was investigating a complaint of drug activity in Canton, Stark County, Ohio, on May 13, 1998. He testified as he approached the premises he saw appellant run from the building. The officer ordered the appellant to stop, whereupon appellant turned and walked back to him. In the process, the officer observed appellant pull a plastic bag from his pocket and drop it in the grass before he reached the officer. A Canton canine officer searched for the bag with his dog, and eventually the officers recovered a baggy containing a rock of crack cocaine. The officer testified the dog was trained to fresh human scent, and not narcotics, and the dog would have alerted to any human scent, not just appellant's.
Appellant argues the judgment of the trial court was against the manifest weight and sufficiency of the evidence because the officer's testimony did not prove beyond a reasonable doubt appellant possessed a controlled substance. In State v. Thompkins
(1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions were both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard which is applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins at 386, citations deleted. A judgment which is sustained by sufficient evidence may nevertheless be against the weight of the evidence because weight of the evidence concerns a factual question regarding the amount of credible evidence offered in a trial in support of one side of the issue, Thompkins at 387, citations deleted.
Appellant argues the evidence only shows he was in an area where officers found a controlled substance, and the officers admitted there was a great deal of drug activity in the area. The officers' testimony differed regarding what appellant was wearing, and it took some time and a dog to recover the drugs even though the officer testified he clearly observed appellant drop the drugs.
We have reviewed the record, and we find there was sufficient, competent and credible evidence, which, if believed by the trier of fact, permitted the conclusion appellant possessed the controlled substance. Accordingly, we find the court's decision was not against the manifest weight and sufficiency of the evidence.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed, and the cause is remanded to that court execution of sentence.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0126
JUDGMENT ENTRY
CASE NO. 98-CA-0201
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
______________________________
______________________________
 ______________________________ JUDGES